### HAWES v. DUNLOP et al.

(Supreme Court, Appellate Division, First Department.　February 18, 1910.)

TORTS (§ 14*)—VEXATIOUS LITIGATION.

 A mistake of a widow of one previously adjudged to be an incompetent as to her right to review guardianship proceedings instituted by one of his relatives, whereby she is led to take an appeal in her own name from the adjudication, does not render her liable to an action for damages, allowed by Code Civ. Proc. §§ 1900, 1901, for suing in the name of another; the Code provisions being intended to prevent vexatious litigation in the name of another and without consent.

 [Ed. Note.—For other cases, see Torts, Cent. Dig. § 18; Dec. Dig. § 14.*]

Appeal from Special Term, New York County.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Chester H. Lane, for appellant.

Gilbert Ray Hawes (Irving Goldberg, on the brief), for respondent.

CLARKE, J. Appeal by the defendant Eliza C. Dunlop from an interlocutory judgment overruling a demurrer interposed by her to the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action.

This is an action concededly brought under sections 1900 and 1901 of the Code of Civil Procedure for $30,000 damages. Section 1900 is as follows:

"If a person, vexatiously or maliciously, in the name of another but without the latter's consent, or in the name of an unknown person, commences or continues, or causes to be commenced or continued, an action or special proceeding, in a court, of record, or not of record, or a special proceeding before a judge.or a justice of the peace; or takes, or causes to be taken, any proceeding, in the course of an action or special proceeding in such a court, or before such an officer, either before or after judgment or other final determination; an action, to recover damages therefor, may be maintained against him, by the adverse party to the action or special proceeding; and a like action may be maintained by the person, if any, whose name was thus used. He is also guilty of a misdemeanor, punishable by imprisonment, not exceeding six months."

Section 1901 provides for treble damages to the adverse party, or, in an action by the person whose name was used, his actual damages and $250 in addition thereto.

The plaintiff instituted a proceeding to have her uncle, Dr. Clark W. Dunlop, the husband of the defendant Eliza C. Dunlop, declared an incompetent. As a result of such proceedings Clark W. Dunlop was declared to be an incompetent, Mrs. Dunlop was appointed committee of his person, and the Title Guarantee & Trust Company and Abraham. Stern were appointed committee of his property, and shortly thereafter the alleged incompetent died. Subsequently, desiring to review such determination, Mrs. Dunlop served a notice of appeal in her own name from said order to this court, and thereafter served another notice of appeal, describing. herself as "executrix named in the last will and testament of Clark W. Dunlop, deceased." This court dismissed her appeal, but without costs. She thereafter took an appeal to the Court of Appeals, where the appeal was likewise dismissed, without costs.

It thus appears that she was mistaken in her view of her right of review. But a mistake, either on her part or on that of counsel who advised her, when the appeal was taken in her own name, cannot, we think, render her liable to an action under the Code provisions cited. These were intended to prevent vexatious and malicious litigation in the name of another.and without consent. We are of the opinion that the complaint does not state facts sufficient to constitute a cause of action.

The judgment appealed from should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend on payment of costs in this court and in the court below.    All concur.

---

### HAWES v. DUNLOP et al.

(Supreme Court, Appellate Division, First Department.    February 18, 1910.)

Appeal from Special Term, New York County.

Action by Gertrude D. Hawes against Eliza C. Dunlop and others.    From an interlocutory judgment sustaining a demurrer to a defense set up in the answer, defendant Snedeker appeals.    Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

H. H. Snedeker, in pro. per.

